UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LONNIE J. KAHOE, SR.                                    CIVIL ACTION

VERSUS                                                 NO. 22-3110

RAFAEL F. SALCEDO, Ph.D., ET AL.                       SECTION "I" (2)


**REPORT AND RECOMMENDATION**

Plaintiff Lonnie J. Kahoe, Sr., filed a complaint (ECF No. 6; ECF No. 6-1) pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.      **FACTUAL ALLEGATIONS**

Kahoe filed this complaint against defendants Rafael F. Salcedo, Ph.D. and Richard W. Richoux, M.D., challenging the defendants' actions taken in connection with his Orleans Parish Criminal Case No. 548-040.  ECF No. 6, ¶III(B-C), at 4; *id*., ¶IV, at 4-5; ECF No. 6-1, at 1.[1] Kahoe alleges that on April 30, 2021, he participated in a Zoom video court appearance at the Orleans Justice Center ("OJC").  ECF No. 6-1, ¶2, at 1.  At that time, he was informed that, without his knowledge or consent, his public defender had requested that a mental evaluation be conducted. *Id*.  During the hearing, Dr. Richoux asked his name, and Kahoe claims that he asserted his Fifth Amendment right to remain silent, asked for an attorney, and then left the room.  *Id*. at 2.

---

[1] Kahoe also filed a memorandum of points and authorities (ECF No. 10) in which he details events that occurred after the filing of this complaint.  ECF No. 10.  I have reviewed the document and find that it does not alter the findings and recommendations made in this report.

Kahoe alleges that he did not speak with his public defender, Juan Fiol,[2] after that hearing and no word was uttered during the alleged competency evaluation. *Id*. He alleges that, despite this, on May 20, 2021, Dr. Salcedo and Fiol testified in court under oath that Kahoe was evaluated and to be incompetent to proceed and in need of involuntary medication at an East Louisiana Mental Health System ("ELMHS") facility. *Id*. Kahoe alleges that this was perjury and malpractice. *Id.*

Kahoe further alleges that, after one year of incarceration in ELMHS, he was returned to OJC with an ECST-R evaluation exam showing him competent to proceed. *Id*., ¶3, at 3. However, on March 4, 2022, Drs. Salcedo and Richoux, along with someone from the public defender's office, announced that he was in need of another mental evaluation. *Id*. Kahoe claims that he asked Dr. Richoux why he has not been able to speak with his public defender and Dr. Richoux said, "If you think the Public Defenders are not helping with your defense, then you are NOT competent to proceed." *Id*. Kahoe asserts that this was the extent of the evaluation. *Id*.

Afterward, on March 10, 2022, Dr. Richoux and public defender Arthur Rowe testified in court under oath that Kahoe underwent an evaluation and was found to be incompetent to proceed and in need of involuntary drug treatments in ELMHS. *Id*. at 3-4. Kahoe claims there were never any questions asked in accordance with the law on insanity proceedings. *Id*. at 4. He asserts that the video recordings and minutes from April 30, 2021, May 20, 2021, March 4, 2022, and March 10, 2022, will prove this was malpractice, perjury, and racketeering by Dr. Salcedo, Dr. Richoux, Fiol, and Rowe. *Id*. He also references generally the phrases RICO, conspiracy, and Medicaid and insurance fraud as arising from the evaluations and recommendations done on these hearing dates. ECF No. 6, ¶IV, at 4.

---

[2] Fiol is not named as a defendant in this suit, but is named in another of Kahoe's complaints in this court, *Kahoe v. Fiol*. Civ. Action 22-3354"I"(2).

As relief, Kahoe requests that copies of his mental health evaluations be used as evidence and that he be provided a proper and professional mental health evaluation if the courts will not accept the ECST-R exam by Dr. Beth Arredondo given on January 14, 2022. ECF No. 6, ¶IV, at 4; ECF No. 6-1, at 5. He also requests that an investigation be done by the United States Attorney General's Office and the United States Justice Department, revocation of licenses, prosecute defendants as applicable, restitution for mental anguish and intentional wrongful placement in the mental health hospital and abuse of process, and legal fees. ECF No. 6, ¶V, at 5.

## II.    LEGAL STANDARDS

### A.    Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[3]  A claim is frivolous if it "lacks an arguable basis in law or fact."[4]  A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[6]  A court may not dismiss a claim simply because the facts are "unlikely."[7]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in

---

[3] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[5] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[6] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[7] *Id.*

the complaint are true, even if doubtful.[8]  The Rule 12(b)(6) analysis is generally confined to a

review of the complaint and its proper attachments.[9]  The Fifth Circuit has summarized the

standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[10]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-

pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[11]  Thus,

the court should assume the veracity of all well-pleaded allegations, viewing them in the light most

favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement

to relief.'"[12]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R.

CIV. P. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under

one rule does not "invariably fall afoul" of the other.[13]  If an *in forma pauperis* complaint lacks

even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[14]

---

[8] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

[10] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).

[11] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[12] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[13] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[14] *Id.*

"When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[15]

### B.      Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[16]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[17]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)      deprivation of a right secured by the U.S. Constitution or federal law;
(2)      that occurred under color of state law; and
(3)      was caused by a state actor.[18]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[19] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[20]   "The traditional definition of acting under color of state law

---

[15] *Id.*
[16] 42 U.S.C. § 1983.
[17] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[18] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[19] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[20] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[21]

## III.    ANALYSIS

### A.    *Heck* **Doctrine**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.  This limitation avoids collateral attacks on convictions that are still outstanding.[22]  Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff also seeks injunctive relief.[23]

The Supreme Court applied a modified version of *Heck* to pretrial detainees in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).  In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations.[24]  The court in Wallace explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[25]

---

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).
[22] *Heck*, 512 U.S. at 484-85.
[23] *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).
[24] *Wallace*, 549 U.S. at 393-94; *see Mackey v. Dickson*, 47 F. 3d 744, 746 (5th Cir. 1995) (finding stay of pretrial § 1983 challenges to be the best practice).
[25] *Wallace*, 549 U.S. at 393-94 (citations omitted).

Kahoe challenges the underlying competency findings that have caused his continued incarceration and involuntary mental health treatment in connection with his Orleans Parish criminal proceedings. Kahoe does not allege that any state or federal court has determined the terms of his confinement to be invalid or criticized in any of the ways discussed in *Heck*. He instead seeks to have this court consider the validity of the competency findings in this collateral civil action, something prohibited by *Heck* and its progeny at this time.[26]

## B.   Defendants are Immune from Suit under § 1983

The *Heck* bar and *Wallace* holding would normally compel a stay of these pretrial, premature civil claims intertwined with Kahoe's custody. Even when faced with a *Heck* bar or stay conditions under *Wallace*, however, the Fifth Circuit requires a court to initially address dismissal of immune defendants and improper claims.[27] In this case, Kahoe named Dr. Salcedo and Dr. Richoux as defendants. He challenges their evaluation reports and recommendations to the Orleans Parish Criminal District Court that Kahoe be found incompetent, which resulted in his detention in ELMHS for medication and treatment. For the reasons that follow, the two defendants named defendants, Drs. Richoux and Salcedo, enjoy immunity from suit under § 1983.

Under federal law, absolute immunity is granted to "judges, prosecutors and other persons acting 'under color of law' who perform official functions in the judicial process."[28] The absolute quasi-judicial immunity doctrine insulates from liability persons who perform functions that require them to act in accordance with a judge's direct orders.[29] The doctrine has been extended

---

[26] *See Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 766 (11th Cir. 2020) (whether a prisoner was competent during his trial proceedings "would necessarily implicate the validity of his convictions because . . . his convictions would necessarily rest on constitutionally faulty proceedings").

[27] *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F. 3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*).

[28] *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983).

[29] *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996); *Burgess v. Cox*, No. 14-466, 2015 WL 5578305, at *5 (E.D. Tex. July 30, 2015), *R&R adopted by* 2015 WL 5579866 (E.D. Tex. Sep. 21, 2015).

to protect court-appointed psychiatrists and psychologists because conducting court-ordered competency examinations are "essential to the judicial process."[30]  The doctrine is premised on the notion that "necessary participants in the judicial process" should be immunized from liability to "guarantee an independent, disinterested decision-making process."[31]

Following this guidance, a number of courts within the Fifth Circuit have found that a psychiatrist or psychologist performing a competency evaluation in state criminal proceedings is engaged in a quasi-judicial function and enjoys derived or quasi-judicial immunity.[32]  In *Francis*, the court addressed a plaintiff's similar civil rights claims arising out of a court-ordered competency examination conducted by Dr. Richoux.  In addition to the foregoing federal law on quasi-judicial immunity, the court in *Francis* observed that Louisiana law also grants absolute quasi-judicial immunity to nonjudicial persons, including court-appointed psychologists and psychiatrists, because of their quasi-judicial roles in the judicial process.[33]  The court in *Francis* concluded that, under both federal and state law, Dr. Richoux "would have absolute immunity for any claims arising out of his court-ordered examination of Plaintiff, thereby mandating the dismissal of Plaintiff's claims against him."[34]

In this case, both Dr. Richoux and Dr. Salcedo enjoy this same derived or quasi-judicial immunity from suit by Kahoe.  His claims clearly arise from the medical conclusions and recommendations reached by the doctors as part of their appointed duties with regard to Kahoe's

---

[30] *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987); *Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir. 1987); *Miner v. Baker*, 638 F. Supp. 239 (E.D. Mo. 1986); *Dolin v. West*, 22 F. Supp.2d 1343 (M.D. Fla. 1998); *Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970).

[31] *Johnson v. Kegans*, 870 F.2d 992, 996 (5th Cir. 1989).

[32] *Francis v. Parish*, No. 14-338, 2014 WL 7140206, at *4-5 (E.D. La. Dec. 12, 2014); *Coltart v. Texas*, No. 19-CA-464, 2020 WL 5416515, at *6 (W.D. Tex. Aug. 6, 2020) (gathering cases); *Green v. Stevenson*, No. 12-432, 2013 WL 592891, at *3 (E.D. La. Jan. 28, 2013) (gathering cases), *R&R adopted by* 2013 WL 588962, at 1 (E.D. La. Feb. 14, 2013).

[33] *Francis*, 2014 WL 7140206, at *5 (citing *S.T.J. v. P.M.*, 556 So. 2d 244, 246-247 (La. App. 2d Cir. 1990)) (other citations omitted).

[34] *Id*.

competency and need for medication in the ongoing judicial proceeding in Orleans Parish Criminal

District Court.

On a separate ground, Dr. Richoux in this case also enjoys a second layer of absolute

immunity from suit arising from his testimony before the Orleans Parish Criminal District Court.

As outlined above, Kahoe claims that Dr. Richoux "fraudulently" testified in at least two

competency hearings with the recommendation that Kahoe be found incompetent and remanded

for medical treatment. "[W]itnesses are entitled to absolute immunity against § 1983 suits based

on their testimony" in a criminal proceeding.[35]   In addition, "absolute witness immunity bars

§ 1983 suits for conspiracy to commit perjury."[36]   In reaching that conclusion, the Fifth Circuit

noted:

> As a matter of logic, a person may not be prosecuted for conspiring to commit an
> act that he may perform with impunity.  [Witnesses] cannot be liable under § 1983
> for conspiracy to commit perjury where § 1983 grants them absolute immunity for
> that act.
> Moreover, allowing such conspiracy suits would permit most § 1983 perjury suits
> to be restyled as § 1983 claims for conspiracy to commit perjury, because a witness
> rarely prepares her testimony on her own.[37]

For the same reasons, even with Kahoe's perjury and collusion to deem him incompetent claims,

Dr. Richoux enjoys immunity from suit related to his testimony before the state court.

Because the defendants are immune from suit, Kahoe's claims must be dismissed pursuant

to 28 U.S.C. § 1915 and § 1915A as frivolous, for failure to state a claim for which relief can be

granted, and for seeking relief against immune defendants.

---

[35] *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (citing *Briscoe*, 460 U.S. at 325).
[36] *Id*. at 277-78; *accord Ibarra v. Harris County*, 243 F. App'x 830, 2007 WL 1879176, at *6 (5th Cir. 2007) (citing *Kinney v. Weaver*, 367 F.3d 337, 352 (5th Cir. 2004)).
[37] *Mowbray*, 274 F.3d at 277 (quotation, citations, and footnote omitted).

B.    RICO Claims

Kahoe invokes the phrases racketeering and RICO in his complaint.  To the extent the

defendants' immunity does not extend to a RICO claim, I find that these claims are frivolous and

subject to immediate dismissal under § 1915(e) rather than delayed review under *Wallace*.

The federal criminal code contains a following civil remedy as a distinct component of the

RICO statute:

> Any person injured in his business or property by reason of a violation of section
> 1962 of this chapter may sue therefor in any appropriate United States District
> Court and shall recover threefold the damages he sustains and the cost of the suit,
> including a reasonable attorney's fee . . .[38]

To prove a violation of 18 U.S.C. § 1962(c), referenced therein, a plaintiff must show the

following:

(1)    an enterprise existed that affected interstate commerce;
(2)    defendant was associated with the enterprise;
(3)    the defendant participated in the conduct of the enterprise's affairs; and
(4)    the participation was through a pattern of racketeering activity.[39]

The term "enterprise" is defined broadly to include any "group of individuals associated in fact."[40]

A "pattern of racketeering activity" is "at least two acts" indictable under an enumeration of state

and federal criminal laws contained in 18 U.S.C. § 1961(1).[41]

Kahoe's broad use of the phrase RICO fails to demonstrate any of these factors, especially

the third prong related to a "pattern of racketeering activity" of the type required in the RICO

statute.  The RICO statute specifically lists those criminal offenses that constitute "racketeering

activity," 18 U.S.C. § 1961(a), which in turn comprise the "predicate acts," which must have been

---

[38] 18 U.S.C. § 1964(c).
[39] *United States v. Phillips*, 664 F.2d 971, 1011 (5th Cir. Unit B 1981), *overruled in other respects based on a rule amendment*, *United States v. Huntress*, 956 F.2d 1309 (5th Cir. 1992)).
[40] 18 U.S.C. § 1961(4).
[41] *R.A.G.S. Couture, Inc. v. Hyatt*, 774 F.2d 1350 (5th Cir. 1985) (citing 18 U.S.C. § 1961(5)).

part of a "pattern" to assert a civil RICO claim.[42]  In other words, while Kahoe's complaint includes

conclusory references to fraud, its allegations are insufficient to state violations of any of the

particularized federal fraud, theft, or property crimes,[43] constituting "racketeering activity" as

defined in the RICO statute.

Kahoe's complaint fails to state a civil RICO claim upon which relief could be granted

because it fails to allege essential elements of a RICO claim.  Pursuant to 28 U.S.C. § 1915 and

§ 1915A, Kahoe's RICO and racketeering claims must be dismissed with prejudice but subject to

the right to file an amended complaint within 14 days of this Report and Recommendation setting

forth sufficient facts to establish each of the required elements.[44]

### C.    Malpractice Claims under § 1983 and/or State Law

Kahoe also lists malpractice, perjury, and fraud, as claims arising from the medical

examinations and recommendations by Dr. Richoux and Dr. Salcedo.  However, the law is clear

that malpractice and other negligent tortious conduct do not amount to constitutional violations

cognizable under § 1983.[45]  Any such claim asserted under § 1983 would be dismissed under 28

U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be

granted.

Further, as matters of state law, the claims should be dismissed and left to the state courts

to resolve.  After dismissal of the claims over which this Court would have original jurisdiction,

---

[42] 18 U.S.C. §§ 1962(a) and (c).

[43] *See, e.g.*, 18 U.S.C. §§ 659, 1341, 1344, 1351, 1957.

[44] A pro se prisoner is generally entitled to either a Spears hearing or an opportunity to amend to "plead his best case" if there is a reasonable belief that they have knowledge of facts to support the asserted claim or if failure to allow amendment would result in a grave injustice.  *See, e.g., Eason v. Thaler*, 14 F.3d 8 (5th. Cir. 1994) (holding that plaintiff should be given an opportunity to amend factually deficient claims); *Ruiz v. Leblanc*, 643 F. App'x. 358, 363 (5th. Cir. 2016), (holding that plaintiff should be allowed an opportunity "plead his best case).

[45] *Gibson v. Collier*, 920 F.3d 212, 219-20 (5th Cir. 2019) (claims based on negligence and other tortious acts are not sufficient to state a § 1983 claim); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."); *Bass v. Sullivan*, 550 F.2d 229, 232 (5th Cir. 1977) ("[A] 'malpractice [claim] will not lie under [Section] 1983' because it is a claim arising under state common law – not a constitutional violation.").

the court has the discretion either to decline or exercise supplemental jurisdiction over the state law claims.[46] Considering the provisions of 28 U.S.C. § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity,[47] the court should decline to exercise jurisdiction over any potential state law claims of malpractice, perjury, and fraud, and dismiss those claims without prejudice.[48]

## IV.    **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff Lonnie J. Kahoe's 42 U.S.C. § 1983 claims against defendants Richard Richoux, M.D. and Rafael Salcedo, Ph.D. be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant.

It is further **RECOMMENDED** that, because Plaintiff's RICO claims against defendants Richard Richoux, M.D. and Rafael Salcedo, Ph.D., are frivolous and fails to state a claim for which relief can be granted, pursuant to 28 U.S.C. § 1915(e) and § 1915A,  those claims be **DISMISSED WITH PREJUDICE** but subject to the right to file an amended complaint within 14 days of this Report and Recommendation setting forth sufficient facts to establish each of the required elements of a RICO claim.

It is further **RECOMMENDED** that the court **DECLINE** to exercise supplemental jurisdiction over Kahoe's state law malpractice, perjury, and fraud claims and these claims against defendants Richard Richoux, M.D. and Rafael Salcedo, Ph.D. be **DISMISSED WITHOUT PREJUDICE**.

---

[46] 28 U.S.C. § 1367(c)(3).

[47] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heggemeier v. Caldwell Cty., Tex.*, 826 F.3d 861, 872-73 (5th Cir. 2016); *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

[48] *See Carter v. Pointe Coopee Par. Sheriff's Dep't*, No. 18-760, 2020 WL 1033655, at *5 (M.D. La. Mar. 3, 2020) (declining supplemental jurisdiction over state law malicious prosecution claims when dismissing all federal claims).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[49]

New Orleans, Louisiana, this <u>8th</u> day of February, 2023.

<u> </u>
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[49] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.