UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONNIE J. KAHOE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-3110** |
| **RAFAEL F. SALCEDO, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is *pro se* plaintiff Lonnie J. Kahoe, Sr.'s ("Kahoe") objection[1]

to the report and recommendations[2] provided by the United States Magistrate Judge.

Also before the Court are the following motions, also filed by Kahoe: a "motion for

judicial review,"[3] a "motion to compel production of documents,"[4] and a "motion for

writ of error coram nobis."[5] The Court has also considered Kahoe's separately filed

memorandum.[6] Having considered the complaint, the record, and the applicable law,

the Court overrules Kahoe's objection and adopts the report and recommendations in

full. The Court also denies Kahoe's motions.

Kahoe alleges that defendants Rafael Salcedo ("Salcedo") and Richard Richoux

("Richoux") have violated his rights via their involvement with Criminal Case No.

---

[1] R. Doc. No. 14.

[2] R. Doc. No. 11.

[3] R. Doc. No. 12.

[4] R. Doc. No. 15.

[5] R. Doc. No. 16.

[6] R. Doc. No. 13. In the memorandum, Kahoe asks the "Court to consider the fact that Orleans Parish Criminal Court Clerk's Office, nor the Judiciary Administration Office, nor the offices of Drs. Salcedo, Richoux or McConville have complied with written letters of request for copies of sanity commission reports." He also requests that the Court "review the alleged evaluations." These requests are repeated in the objection and motions discussed throughout this opinion.

548-040, which is currently pending against Kahoe in Orleans Parish.[7] He alleges

that Salcedo and Richoux, along with public defender Juan Fiol ("Fiol"),[8] committed

malpractice, perjury, and racketeering when they participated in a mental

competency evaluation of Kahoe, after which Kahoe was deemed incompetent. Kahoe

asserts his claims pursuant to 42 U.S.C. § 1983, though his complaint also references

the terms RICO, conspiracy, and Medicaid and insurance fraud.

The Magistrate Judge assigned to this matter concluded that Salcedo and

Richoux are entitled to quasi-judicial immunity from Kahoe's § 1983 claims,[9] and that

Richoux is entitled to absolute immunity for claims arising from alleged fraudulent

testimony in Kahoe's criminal proceedings.[10] The Magistrate Judge also concluded

that Kahoe's RICO claims against Salcedo and Richoux are frivolous and fail to state

the essential elements of a civil RICO claim.[11] The Magistrate Judge therefore

recommends that Kahoe's federal-law claims be dismissed with prejudice, reserving

Kahoe's right to file an amended complaint setting forth factual allegations in support

of his RICO claim. To the extent Kahoe alleges state-law malpractice claims, the

Magistrate Judge recommends that the Court decline to exercise jurisdiction over

those claims, and that they be dismissed without prejudice.[12]

---

[7] *See* R. Doc. No. 6-1. A more extensive summary of Kahoe's factual allegations may
be found in the Magistrate Judge's report and recommendations. R. Doc. No. 11.
[8] Kahoe has filed a separate case against Fiol, also pending in this Court.
[9] R. Doc. No. 11, at 7.
[10] *Id.* at 8.
[11] *Id.* at 10.
[12] *Id.* at 11.

In his objection to the Magistrate Judge's recommendations, Kahoe "objects to boiler plate letter of response and claims of frivolous complaints" and alleges that "avoidance of review of the Zoom video/audio recordings are an act of cover up" and an "act of denial of justice."[13] He reiterates his claims that the mental competency evaluations were improper and violated federal law and he insists that the "documents, reports, and Zoom video/audio recordings will provide evidence of specific intent and notice of negligence and fraudulent mental incompetence claims by Salcedo & Richoux."[14] Even construing Kahoe's objection liberally, the Court cannot identify a basis for determining that the Magistrate Judge's conclusions are legally incorrect. Specifically, Kahoe does not state any grounds for concluding that Salcedo and Richoux are not immune from his § 1983 claims, nor for concluding that his RICO claims are factually supported on the current record. Accordingly, the Court will adopt the report and recommendations in full.

In his "motion for judicial review," Kahoe requests that the Court "grant a judicial review of Orleans Parish Criminal District Court, Section 'I', Judge Karen K. Herman, Case No. 548-040, Zoom Video & Audio of Alleged Mental evaluations."[15] This appears to be a discovery request related to the claims that the Court has decided should be dismissed, and said request is therefore denied.

In his "motion to compel production of documents," Kahoe asks the Court to "compel the production of documents (sanity commission reports) and Zoom

---

[13] R. Doc. No. 14, at 1.
[14] *Id.* at 10.
[15] R. Doc. No. 12, at 1.

video/audio recordings of alleged mental competency evaluations and status hearings"[16] related to the same criminal case. Since these requests relate to the claims that the Court has determined should be dismissed, this motion will be denied.

As stated, Kahoe has also filed a "motion for writ of error coram nobis." As stated, Kahoe has also filed a "motion for writ of error coram nobis." "The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quotation and citation omitted). Additionally, "the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Back v. Amarillo Police Dept.*, 673 F. App'x 458 (5th Cir. 2017) (per curiam) (quotation and citation omitted). Kahoe is currently in custody on state charges, and he does not represent that any final judgment has been rendered against him. Accordingly, the writ of error coram nobis is not available to him.

In the coram nobis motion, Kahoe again "asks for a review of Zoom video/audio records of alleged sanity commission evaluations."[17] He also again alleges that the mental competency evaluations were improper.[18] For essentially the reasons stated above, this motion will also be denied.

Accordingly,

---

[16] R. Doc. No. 15, at 1.
[17] R. Doc. No. 16, at 1.
[18] *Id.* at 2.

**IT IS ORDERED** that Kahoe's objection[19] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendations of the United States Magistrate Judge is approved and the Court adopts it as its opinion in this matter.

**IT IS FURTHER ORDERED** that plaintiff Lonnie J. Kahoe's 42 U.S.C. § 1983 claims and RICO claims against defendants Dr. Richard Richoux, M.D. and Dr. Rafael Salcedo, Ph.D. are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant.

**IT IS FURTHER ORDERED** that, because the Court declines to exercise supplemental jurisdiction, Kahoe's state law malpractice, perjury, and fraud claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Kahoe's motions[20] are **DENIED**.

New Orleans, Louisiana, March 6, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[19] R, Doc. No. 14.
[20] R. Doc. Nos. 12, 15, 16.